Richard WHITEHURST, Petitioner,

v.

POLICE AND FIREMEN'S RETIRE-
MENT AND RELIEF BOARD et
al., Respondents.

No. 79–43.

District of Columbia Court of Appeals.

Argued July 2, 1980.

Decided July 30, 1980.

Michael J. Grealy, Washington, D.C., with whom John F. Markuns, Washington, D.C., was on the brief for petitioner.

Leo N. Gorman, Asst. Corporation Counsel, Washington, D.C., with whom Judith W. Rogers, Corporation Counsel, and Richard W. Barton, Deputy Corporation Counsel, Washington, D.C., were on the brief for respondents.

Before NEWMAN, Chief Judge, and KERN and FERREN, Associate Judges.

PER CURIAM:

Petitioner challenges the sufficiency of the evidence to sustain respondents' determination that he is not entitled to disability retirement. We affirm in part and remand for further proceedings.

The Board found that petitioner's heart condition–a "Wolf–Parkinson–White Syndrome"–was not aggravated by the performance of duty. This conclusion is supported by the expert medical testimony before the Board. There being substantial support in the administrative record, we cannot disturb the Board's findings.

The Board found that petitioner's condition disqualified him from the full performance of duties to which he was last assigned and further found that there is insufficient evidence that there is a position within the Police Department that he is capable of performing (Findings 15 & 16 of Oct. 4, 1979 Order). This case was decided by the Board prior to our decision in *Seabolt v. Police and Firemen's Retirement and Relief Board*, D.C.App., 413 A.2d 908 (1980). We agree with respondents that this case should be remanded to permit the Board to reconsider this issue in light of *Seabolt.*

*So ordered.*

FERREN, Associate Judge, dissenting:

I would affirm the Board's determination that petitioner is permanently disabled under D.C.Code 1973, § 4–526 ("other than in the performance of duty").

I agree, as the government points out, that even though a police officer no longer is able to perform the job last held before injury or illness, the officer will not be entitled to disability retirement if he or she can perform "useful and efficient service" (e. g., a desk job or other light duty work) "in the grade or class of position last occupied." *Id.* at § 4–521(2); *see Seabolt v. Police and Firemen's Retirement and Relief Board*, D.C.App., 413 A.2d 908 (1980). As

the government acknowledged at oral argument, however, whenever a claimant who no longer can perform the last–held job is denied disability retirement, that denial will only be lawful if there actually is available to the claimant an alternative, permanent job in the same grade or class. In the present case, the Board made the following finding:

16. There is insufficient evidence to show that there is any position in the Police Department that the Officer is fully capable of performing.

That should end the case.

My colleagues, however, accept the government's argument that, because the Board's findings, conclusions, and order preceded our decision in *Seabolt, supra,* we should remand for the Board to reexamine whether, in light of *Seabolt,* the Board really meant what it said. I gather they take this position because they believe *Seabolt* puts the burden on a claimant to prove there is no light duty alternative, whereas they assume the Board premised finding 16, quoted above, on an erroneous belief that the government had the burden of proving an available alternative.

I do not read the majority in *Seabolt* to have analyzed and settled the burden–of–proof issue in that way. As I understand the opinion, the court concluded from the record that a light duty job of the same grade or class was available to the petitioner, agreed that the petitioner was not disabled from performing light duty, and thus saw no need for a remand. *See id.* at 909 & n. 2, n. 6.[1] In construing the retirement statue in *Seabolt, supra* at 912, the majority stated:

Strictly speaking, Congress did define "disabled" in the terms of the last job held by the claimant. However, the last job was merely a starting point that *referred the Board to a larger category of jobs*—those in the same "grade or class" as that job. *A petitioner must then establish disability from performing any job in the category* before qualifying for retirement pay under § 4–521(2). (Emphasis added.)

The court spoke only about the claimant's burden to "establish disability"; it did not say that the claimant also must establish, as a threshold proposition, whether there is "any job in the category" of the position last occupied. The court, accordingly, recognized the Board's function to establish the availability of jobs in the "larger category," and, if there is an available job, the claimant's function to establish disability to perform it. I agree.[2] To impose a burden of establishing that there is no light–duty alternative on a claimant is to say, in effect, that there is a presumption of available light–duty work which the claimant must rebut by a preponderance of the evidence—an unfair if not impossible burden when the facts are solely within the government's control.

In summary, given the Board's finding 16 of "insufficient evidence" of a light–duty alternative "that the Officer is fully capable of performing," I conclude the Board's determination that petitioner has established § 4–526 disability retirement should not be disturbed. In any event, although this case is now remanded, I believed *Seabolt, supra,* requires the Board—as it did originally—to put the burden on the government to come forward with evidence of an available, permanent job "in the grade or class of position last occupied."

---

1. I disagreed with the majority's reading of the record and therefore dissented. *See Seabolt, supra* at 914 & n. 3 (Ferren, J., dissenting).

2. Recently we held, implicitly, that the government must come forward with evidence of a suitable alternative to the position last held. In *Torvik v. Police and Firemen's Retirement and Relief Board,* D.C.App., 406 A.2d 1264, 1266 (1979), in reversing the denial of disability retirement, we said: "there was *no evidence* that there was any position in the police department that the petitioner was fully capable of performing" (quoted in *Seabolt, supra* at 911- 12) (emphasis added). *See Seabolt, supra* at 915 & n. 5 (Ferren, J., dissenting).