Joseph J. WOODY, Petitioner,

v.

**POLICE AND FIREMEN'S RETIRE-MENT AND RELIEF BOARD,** Respondent.

No. 81–351.

District of Columbia Court of Appeals.

Submitted Dec. 10, 1981.

Decided Feb. 3, 1982.

Charles H. Schulze, Washington, D.C., with whom Leonard C. Pederson, Jr., was on the brief, for petitioner.

William J. Earl, Jr., Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, and Charles C. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Before NEWMAN, Chief Judge, FERREN, Associate Judge, and YEAGLEY, Associate Judge, Retired.

PER CURIAM:

This case presents the question whether the Police and Firemen's Retirement and Relief Board made adequate findings, supported by substantial evidence of record, that petitioner is not disabled from per-

forming useful and efficient service in the Police Department. We affirm the Board's decision.

## I.

On July 10, 1980, the Board of Police and Fire Surgeons recommended that petitioner, Joseph J. Woody, was permanently disabled for full duty as a police officer. Petitioner was presented to the Retirement and Relief Board for consideration on August 14, 1980. At this hearing, Dr. Joseph Chapman testified on behalf of the Board of Police and Fire Surgeons that petitioner suffered from hearing loss, dizziness stemming from the hearing loss, and "tinnitus," or ringing in the ears. Dr. Chapman stated that, in his opinion, petitioner would have difficulty answering phones in the Commission Department, hearing a squad car radio, or hearing conversation over traffic noise, and that exposure to noise from heavy arms fire or sirens could further damage petitioner's hearing. Dr. Chapman also testified, in response to questions, that petitioner could work eight hours a day in the position of an attending clerk, keeping sick-leave records and doing "some answering of phones," or as "[a] property clerk who processes the property and has some discussion with the public as to returning the property," or in "[a]ny situation similar to that."

Petitioner testified that he had been assigned to limited duty status in the Identification and Records Section for the last two months. He stated that he experienced "a limited amount of difficulty" in performing this assignment because past injuries "concerning a spinal disorder" made it difficult for him to be on his feet for eight hours a day. When asked whether his hearing loss created problems for him on the job, petitioner responded, "I do have problems hearing over noise .... [W]here there are many people involved or many telephones involved where there is constant ringing, it does have an affect [sic] on me." Petitioner said that he could hear telephone conversations with his right ear, but not with his left. Petitioner described his dizziness as follows: "It sort of causes me to have the feeling of my head spinning around, which at times, I was unable to control myself. Maybe, I would stop and sit down in order to relieve myself, maybe to stop myself from falling down or injuring myself further."

The Board concluded that petitioner was not "permanently disabled from useful and efficient service in the grade or class last occupied by him as a member of the Metropolitan Police Department." The Board's findings of fact included the following:

17. Officer Woody is presently assigned to the Identification and Records Section of the Police Department, 300 Indiana Avenue, on a limited-duty status.... 18. Dr. Chapman does not feel that the hearing loss is sufficiently disabling to prohibit the petitioner from performing limited-duty. Tr. p. 9. Generally speaking, any duty that is non-contact, and does not require continuous use of the telephones or radios, as in the Commission Department; or continuous standing, because of his back injury; or in a noisy environment where background noises would further impede his hearing. Officer Woody's limitation does not affect his capacity to work eight hours a day. Tr. p. 9. And his dizziness would not prevent him from doing useful and efficient service because, unlike being in an emergency situation, he can sit down and rest. Tr. p. 13.

## II.

"We may overturn the Board's decision only if its findings are unsupported by substantial evidence in the record as a whole, or if it is grounded on a faulty legal premise." *Neer v. District of Columbia Police and Firemen's Retirement and Relief Board,* D.C.App., 415 A.2d 523, 525–26 (1980); *see* D.C. Code 1981, § 1–1510(a)(3)(E). Petitioner contends that the Board's findings are "inadequate" because these findings do not include a statement that "there exists a single specific job within the police department which Officer Woody can perform." Petitioner argues that the Police Department was obligated

to produce "vocation experts" who would testify that there were jobs available in the Department which petitioner could perform. Under our holding in *Seabolt v. Police and Firemen's Retirement and Relief Board*, D.C.App., 413 A.2d 908 (1980), however, petitioner bears the burden of showing that there is no job available which he can perform in the grade or class of position he last occupied in the Department. *See Rzepecki v. Police and Firemen's Retirement and Relief Board*, D.C.App., 429 A.2d 1388 (1981); *Whitehurst v. Police and Firemen's Retirement and Relief Board*, D.C. App., 418 A.2d 1028 (1980). Petitioner will be able to show that no appropriate job is available if the Department fails to place and keep him employed in such a job, *see Rzepecki, supra* at 1391 (Ferren, J., concurring), but this has not yet occurred. Accordingly, petitioner has not yet met his burden under *Seabolt, supra*. We affirm the Board's decision.[1]

*So ordered.*

---

1. Petitioner also asserts that the Board's findings are inadequate because the Board did not determine the cause of petitioner's hearing loss (or, in this connection, whether petitioner had a family history of hearing loss), and because the Board noted that only petitioner knew how frequently his dizzy spells occurred but made no specific finding as to petitioner's credibility on this point. Petitioner's argument is without merit; findings on these points were not necessary to support the Board's conclusion that petitioner could perform useful and efficient service with the Police Department.