**Thomas A. OLIVER, Petitioner,**

v.

**Mary A. SILVER, Permit Control Officer, Respondent.**

**No. 2449.**

Municipal Court of Appeals for the District of Columbia.

Submitted Oct. 5, 1959.

Decided Nov. 19, 1959.

Miller W. Marshall, Washington, D. C., for petitioner.

Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair and Ted D. Kuemmerling, Asst. Corp. Counsel, Washington, D. C., for respondent. Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., also entered an appearance for respondent.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was convicted of operating a motor vehicle in the District of Columbia while under the influence of intoxicating liquor. Upon official notification of this, appellee, Permit Control Officer of the Department of Motor Vehicles, notified appellant that his operator's permit was revoked. Making no denial of his conviction, he replied that he was appealing the order of revocation and demanded a hearing. Appellee informed him that the revocation was mandatory, that he had no right of appeal, and denied him a hearing. He asks us for a review,[1] asserting that he was entitled to both a hearing and administrative review under Code 1951, § 40–302.

The cited Code Section, providing for review by the Commissioners of an order of revocation or suspension of an operator's permit, expressly excepts cases where "revocation of the operator's permit is mandatory." Code 1951, 40–609(d), Supp. VII, provides that the Commissioners or their designated agent "shall revoke the operator's permit * * * of any person who is convicted in the District of any of the following offenses:

---

1. Code 1951, § 11–772(e) (3), Supp. VII.

"(1) Operating a motor vehicle while under the influence of any intoxicating liquor or narcotic drug."

Subsection (e) of the same Code Section requires that on conviction of any of the offenses set forth in subsection (d) the clerk of the court shall certify such conviction to the Commissioners or their agent "who shall thereupon take the action required by subsection (d) of this section." It is thus apparent that it was mandatory on the Commissioners or their agent to revoke appellant's permit when notified of his conviction of operating a motor vehicle while under the influence of intoxicating liquor; and Code Section 40–302 has no application. A hearing before the Permit Control Officer or a review by the Commissioners would have been useless, for neither the Commissioners nor their agents had any discretion in the matter.

Affirmed.