Orion T. WHITING, Jr., Petitioner,

v.

REAL ESTATE COMMISSION of the District of Columbia, Respondent.

No. 3353.

District of Columbia Court of Appeals.

Argued Jan. 6, 1964.

Decided March 20, 1964.

T. Emmett McKenzie, Washington, D. C., for petitioner.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Petitioner, a licensed real estate broker in the District of Columbia, was convicted in the United States District Court for the District of Maryland of receiving wagers in a lottery operation without having previously paid the special occupational tax and without having registered and furnished information with regard to the business as required by the Federal statutes and regulations.[1]  He was sentenced to imprisonment for one year and fined $10,000.  On appeal his convictions were affirmed.  United States v. Whiting, 4 Cir., 311 F.2d 191 (1962), cert. denied 372 U.S. 935, 83 S.Ct. 882, 9 L.Ed.2d 766 rehearing denied 372 U.S. 972, 83 S.Ct. 1089, 10 L.Ed.2d 136.

Upon receiving certified copies of the records showing the offenses charged, the conviction and the affirmance, the Real Estate Commission of the District of Columbia, without a hearing, revoked petitioner's broker's license.  By a series of letters and motions petitioner attempted without success to obtain a hearing before the Commission.  On this appeal he contends that without a hearing the Commission lacked authority to revoke his license.

We first dispose of the Commission's contention that the appeal to this court was not timely.  Prior to the argument we denied a motion of the Commission to dismiss the appeal on this ground, and we adhere to our former ruling.

---

1.  See 26 U.S.C. §§ 4401, 4411, 4412, 4901, 7203, 7262 and 7272; and C.F.R. Title 26 § 325.50.

Petitioner relies upon Code Section 45–1409, which provides that the Commission "shall, * * * before suspending or revoking any license, set the matter down for a public hearing, * * * and shall afford said * * * licensee an opportunity to be heard in person or by counsel in reference thereto." The Commission relies upon Code Section 45–1415, which provides:

"Where during the term of any license issued by the Commission the licensee shall be convicted in a court of competent jurisdiction in the District of Columbia or any State (including Federal courts) of forgery, embezzlement, obtaining money under false pretenses, extortion, criminal conspiracy to defraud, or other like offense or offenses and a duly certified or exemplified copy of the record in such proceedings shall be filed with the Commission, the Commission shall revoke forthwith the license by it theretofore issued to the licensee so convicted."

Petitioner contends that under Code Section 45–1409 the Commission has no authority to revoke a license without first having a hearing. The Commission's position is that Code Section 45–1415 provides an exception to the general requirement of a hearing under 45–1409, and in plain words requires that the Commission upon receiving the necessary certified records "shall revoke forthwith" the license without the necessity of a hearing.

■ We agree with the Commission that a proceeding to revoke under 45–1415 does not necessarily require a hearing. When the Commission receives a certified copy of a court record showing conviction of one of the specified offenses, no further proof is required. The record is binding upon both the Commission and the license holder. The Commission has no discretion in the matter. Congress has made it mandatory that upon receipt of such record the Com-

mission shall revoke forthwith the license. A hearing would serve no purpose. Evidence could not be received controverting the record and there would be no room for argument.[2]

■ As we have said, when there is the required proof of a conviction of one of the offenses specified in 45–1415, namely, forgery, embezzlement, obtaining money under false pretenses, extortion, and criminal conspiracy to defraud, no hearing is required because it would serve no useful purpose. But in the case before us there was no proof of conviction of an offense specified in the section. There was proof of a conviction of a crime not specifically named in the Act and before such conviction can be used as the basis for revocation there must be a determination that it comes within the meaning of "other like offense." The mandatory effect of the section does not come into operation until this determination has been made, and determination of whether one offense is like another offense is open to question and argument. Before determination is made, there should be a hearing with opportunity to the license holder to present his argument and perhaps even evidence to convince the Commission that the offense of which he has been convicted is not a "like offense" under the statute. We hold that petitioner's license should not have been revoked without a hearing.

Ordinarily we would simply vacate the revocation and remand for a hearing, but as it appears that the ultimate question can now be decided by us on the record here, we proceed to that question. Was the offense of which petitioner was convicted a like offense to those enumerated in the statute?

■ The word "like" has no precise or exact meaning, but in ordinary usage it means having the same, or nearly the same, qualities or characteristics; or, as sometimes expressed, similar in nature. Before it can be determined if the offense of which

2. Cf. Oliver v. Silver, D.C.Mun.App., 155 A.2d 719 (1959).

petitioner was convicted was a like offense to the offenses of "forgery, embezzlement, obtaining money under false pretenses, extortion, criminal conspiracy to defraud," it must first be determined what is the common element or characteristic of this group of offenses.

It is evident that Congress did not intend that a conviction of any crime should be the basis for revocation of a license, but only those crimes specified and "like offenses." [3] The legislative reports accompanying the statute indicate that one of the main purposes for enactment was prevention or curtailment of fraudulent practices among brokers and their agents. The specified offenses, though unlike in some respects, have the common purpose of obtaining money of another by means of a fraudulent or false device; and it is our opinion that on the basis of this common element Congress grouped these offenses together, and that any other offense to be like them must have this same common element.

The offense of which petitioner was convicted was engaging in the business of wagering without registering and paying the occupational tax required by the statute.[4] Violation of this Federal tax act bears no resemblance to the offenses specified in our real estate broker's license act. Failure to register and pay the tax in no way involved an act of fraud in obtaining money belonging to another. Except for the fact that any criminal conviction reflects a disregard for the law, there is nothing to support the determination of the Commission that petitioner was convicted of a "like offense."

Reversed with instructions to vacate the order of revocation.

3. Our statute does not, as do a number of state statutes, provide for revocation of a license upon proof of conviction of any crime involving moral turpitude.

4. See United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754, re-

hearing denied 345 U.S. 931, 73 S.Ct. 778, 97 L.Ed. 1360 (1953); Lewis v. United States, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475, rehearing denied 349 U.S. 917, 75 S.Ct. 602, 99 L.Ed. 1250 (1955).