John R. SPICER, Petitioner,

v.

DISTRICT OF COLUMBIA REAL
ESTATE COMMISSION,
Respondent.

No. 91–AA–755.

District of Columbia Court of Appeals.

Argued March 15, 1993.
Decided May 10, 1993.

John C. Decker II, Falls Church, VA, for petitioner.

Rosalyn C. Groce, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, DC, were on the brief, for respondent.

Before FERREN, FARRELL and SULLIVAN, Associate Judges.

SULLIVAN, Associate Judge:

Petitioner, John R. Spicer, appeals from the order ("order") of the District of Columbia Real Estate Commission ("the Commission") revoking his real estate broker's license and barring his application for reinstatement as a real estate broker for five years from the date of the order. Petitioner contends on appeal that the Commission revoked his license arbitrarily and capriciously because it did not hear his testimony, errone-

ously relied on an inapplicable code provision, misapplied that provision, and failed to render a decision within ninety days from the date of his hearing as mandated by 17 DCMR § 2715.1 (1990).[1] We affirm the Commission's order revoking petitioner's license and issue this opinion since we have not addressed previously the issue of revocation of a real estate broker's license pursuant to the District of Columbia Real Estate Licensure Act of 1982 ("the Act"). D.C.Code §§ 45–1921 to –1951 (1990 & 1992 Supp.).

## I.

On October 3, 1989, petitioner entered a plea of guilty in the United States District Court for the District of Columbia to one count of interstate transportation of property obtained by fraud, in violation of 18 U.S.C. § 2314 (1988). The plea of guilty was the culmination of the government's two-year investigation into petitioner's participation in numerous fraudulent real estate transactions, allegedly devised and intended to defraud the United States Department of Housing and Urban Development and the Federal Housing Administration. On January 26, 1990, petitioner was sentenced to a four-month prison term and ordered to pay restitution in the amount of $340,000.

## II.

On October 23, 1990, the Commission, acting pursuant to D.C.Code § 45–1941 (1990), summarily suspended petitioner's real estate broker's license pending a revocation hearing.[2] At the revocation hearing on December 4, 1990, petitioner testified before Administrative Law Judge Patricia Elam Ruff. Petitioner's attorney and the Assistant Cor-

poration Counsel, representing the District of Columbia, stipulated to petitioner's criminal conviction and sentence. Judge Ruff issued a "Recommended Decision" on January 17, 1991, in which she proposed to the Commission that petitioner's real estate license be suspended for a period not to exceed ninety days. The Commission adopted Judge Ruff's proposed findings of fact and conclusions of law, but rejected her recommended sanction, finding that petitioner's violation warranted a more severe penalty than a ninety-day suspension. Accordingly, the Commission revoked petitioner's broker's license as of the date of its order and barred him from applying for reinstatement of his license for five years from that date. This appeal followed.

## III.

Petitioner contends that the Commission acted arbitrarily and capriciously in revoking his real estate broker's license because it did not hear his testimony and ignored the testimony and evidence that was presented at the hearing before Judge Ruff. In support of this claim, petitioner argues that the Commission erroneously stated that he had "used his status as a real estate broker to commit the crime for which he was convicted." Petitioner's contention is unpersuasive.

The Commission expressly referred to and incorporated in its order of revocation the proposed findings that Judge Ruff made following the hearing, during which petitioner testified that he had been convicted of a felony offense involving fraud.[3] Thus, there is no rational basis for petitioner's contention that the Commission "did not study the testi-

---

1. The regulation, 17 DCMR § 2715.1, provides as follows:

   The Commission shall render a decision, in writing, as soon as practicable, but not later than ninety (90) days after the date the hearing is completed.

2. D.C.Code § 45–1941 provides in pertinent part as follows:

   Where during the term of any license issued by the Mayor, the licensee shall be convicted ... of forgery, embezzlement, obtaining money under false pretenses, bribery, larceny, extortion, criminal conspiracy to defraud, or·similar

offense or offenses, or forfeits collateral or pleads guilty or nolo contendere to any offense, ... the Mayor shall suspend forthwith the license issued to the licensee so convicted and convene a revocation hearing within 30 days.

3. The Commission stated:

   The Real Estate Commission adopts and incorporates herein the findings of fact and conclusions of law contained in the recommended decision issued by the Administrative Law Judge. However, the Commission rejects the discipline recommended by the Administrative Law Judge.

mony and evidence which was presented to Judge Ruff." Moreover, the Commission properly concluded that petitioner was acting in his capacity as a licensed real estate broker by "performing or attempting to perform" acts covered under the statute. § 45–1936(b)(11).[4] Specifically, petitioner, "[f]or a fee, commission, or other valuable consideration," sold real property and negotiated loans secured by FHA mortgages pursuant to a scheme intended by him to defraud the federal government.[5] § 45–1922(12)(A).[6] Further, contrary to petitioner's assertion, it is irrelevant whether he was acting in his capacity as a licensed real estate broker when the offense was committed because the Act provides that a licensee who has been found guilty of any "fraudulent or dishonest dealing" may be sanctioned. § 45–1936(b)(11). We hold, therefore, that the Commission did not act arbitrarily and capriciously in revoking petitioner's real estate broker's license.

Next, petitioner claims that the Commission improperly relied upon § 45–1942[7] in revoking his license, instead of relying upon § 45–1936. The Commission did not state the precise statutory subsection upon which it relied;[8] nevertheless, this court will affirm the decision if " 'the grounds upon which the [Commission] acted [were] clearly disclosed and adequately sustained.' " *Jones v. Police and Firemen's Retirement and Relief Bd.*, 375 A.2d 1, 5 (D.C.1977) (quoting in part from *Securities and Exchange Comm'n v. Chenery Corp.*, 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943) (citations omitted)); *see also Kegley v. District of Columbia*, 440 A.2d 1013, 1018 (D.C.1982). As we have concluded, the Commission was justified in revoking petitioner's license because of his conviction for a crime involving fraud. § 45–1936(b)(11). Accordingly, we affirm the Commission's decision because the ground for the decision, petitioner's conviction, is clearly disclosed and adequately sustained in the record, and not contrary to relevant statutory authority. *See Jones, supra,* 375 A.2d at 5; *Kegley, supra,* 440 A.2d at 1018.

Petitioner also contends that the Commission's decision not to allow him to apply for reinstatement of his real estate license for *five years from the date of the*

4. D.C.Code § 45–1936(b)(11) states in pertinent part the following:

   (b) Subject to Chapter 15 of Title 1, the Mayor shall have the power to suspend, revoke, or refuse to renew, transfer, or restore any license issued under the provisions of this chapter, or, in lieu of or in addition to any suspension or revocation, impose a penalty of not more than $1,000 per violation ... where the licensee, in performing or attempting to perform any of the acts specified in this chapter, has:

   \* \* \* \* \* . \*

   (11) Been guilty of any other conduct, whether of the same or of a different character from that herein specified, which constituted fraudulent or dishonest dealing.

5. The government's factual proffer in the criminal proceeding, which petitioner admitted was true, revealed that appellant "purchased real estate ... renovated or rehabilitated the properties, and then resold them ... with the buyer putting little or no money down despite the assertions made in the settlement statement submitted to the Federal Housing Administration (FHA) and the Department of Housing and Urban Development (HUD)" and that petitioner participated in eighty-one of these transactions, receiving approximately $339,000 in net proceeds.

6. D.C.Code § 45–1922(12)(A) provides in relevant part that:

   The term "real estate broker" means any person ... [who]:
   (A) For a fee, commission, or other valuable consideration, lists for sale, or sells, exchanges, purchases, rents, or leases real property. A real estate broker may ... negotiate a loan secured by a mortgage, deed of trust, or other encumbrance upon the transfer of real estate.

7. D.C.Code § 45–1942 provides in pertinent part as follows:

   No license shall be issued by the Mayor to any person who, within 5 years prior to the person's application for a license, has been convicted of forgery, embezzlement, obtaining money under false pretenses, bribery, larceny, extortion, criminal conspiracy to defraud, or similar offense or offenses, or who has forfeited collateral, or pleaded guilty or nolo contendere to any offense or offenses....

8. The Commission's Findings of Fact and Conclusions of Law refer to *two subsections,* §§ 45–1921 and 45–1942; they also state that petitioner's license revocation was "[c]onsistent with the intent of the Council of the District of Columbia to hold real estate practitioners professionally accountable for fraudulent real estate transactions...."

*revocation order* of 1990, misconstrues § 45–1942. Petitioner claims that the Commission must permit him to apply for reinstatement *five years from the date of his conviction* in 1988. We disagree. While the legislature prescribed the date of conviction as the date from which to calculate the waiting period for a *new applicant,* § 45–1942, it did not restrict the Commission's discretion with respect to reinstatement of a licensee whose license had been revoked. *See* § 45–1936. The Commission's order revoking petitioner's license for five years from the date of the order is a reasonable exercise of discretion, reflecting the Commission's recognition that the five-year statutory waiting period prescribed by § 45–1942 may also be imposed as an appropriate sanction for a post-revocation license application. Further, § 45–1936 gives the Commission broad discretion to fashion remedies for violations of the Act, and in the absence of an abuse of this discretion, we will not disturb the agency's decision.[9] *See Kegley, supra,* 440 A.2d at 1020 n. 11 (where "a sanction is within an agency's statutory power to impose, an appellate court will not disturb the exercise of that discretion solely because [of the severity of the sanction]"). The Commission concluded that revocation for a period of five years was "[c]onsistent with the intent of the Council of the District of Columbia to hold real estate practitioners professionally accountable for fraudulent real estate transactions...." Finding no abuse of discretion, we affirm the Commission's decision that petitioner may not reapply for a real estate license for five years from the date of the Commission's order of revocation.

 Finally, petitioner argues that the Commission's decision must be vacated in favor of Judge Ruff's recommendation, because the Commission failed to render its decision within ninety days of the hearing as required under 17 DCMR § 2715.1. This court has held, however, that statutory time limits on agency decision making, where the statute fails to provide for a sanction, are "directory rather than mandatory." *Hughes v. District of Columbia Dep't of Employment*

*Servs.,* 498 A.2d 567, 571, n. 8 (D.C.1985); *see also JBG Properties, Inc. v. District of Columbia Office of Human Rights,* 364 A.2d 1183, 1185 (D.C.1976) (a statutory time limit is "directory unless the nature of the act to be performed, or the phraseology of the statute, is such that the designation of time must be considered a limitation of the power of [a public officer]") (quoting 2A NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 57.19 at 443–44 (Rev.3d ed. 1973)). The Act fails to provide for a sanction; thus, the statutory time limit of ninety days is "directory." Moreover, petitioner does not claim that he has been prejudiced in any way by the delay. *See In re Williams,* 513 A.2d 793, 796–97 (D.C.1986) (in some cases, delay coupled with actual prejudice may warrant reversal of an administrative action). We hold, therefore, that this claim by petitioner is without merit.

. Accordingly, the order on appeal herein is

*Affirmed.*

---

**9.** Although the Act vests the Commission with what may appear to be unfettered discretion to revoke a license for any period of time, we express no opinion in this case on the permissible limits of the Commission's authority. We merely find no abuse of discretion on this record.