**Douglas K. GOLDSTEN, Petitioner,**

v.

**DISTRICT OF COLUMBIA REAL ESTATE COMMISSION, Respondent.**

**No. 93–AA–523.**

District of Columbia Court of Appeals.

Argued Jan. 22, 1997.

Decided April 9, 1998.

Richard C. Deering, Washington, DC, for petitioner.

Edward E. Schwab, Assistant Corporation Counsel, with whom Charles F.C. Ruff, Corporation Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for respondent.

Before WAGNER, Chief Judge, and FARRELL and REID, Associate Judges.

FARRELL, Associate Judge:

Before the court is a petition for review of a decision and order of the District of Columbia Real Estate Commission revoking petitioner's real estate license for five years on the basis of his 1990 conviction in the United States District Court for the District of Columbia of conspiracy to rig bids and suppress competition at public real estate auctions, in

violation of 15 U.S.C. § 1.[1] In January 1997, we remanded the record to the Commission to permit it to reconsider its decision in light of *Spicer v. District of Columbia Real Estate Comm'n*, 636 A.2d 415 (D.C.1993). We now have received the Commission's written order on remand. We affirm the order revoking petitioner's license.

## I.

■ Our remand was predicated upon an apparent uncertainty as to the Commission's understanding of its authority to impose a penalty short of revocation in the case of a real estate licensee who has been convicted of a crime of the sort involved here. Specifically, in this case the Commission was of the view that revocation of Goldsten's license is mandatory under D.C.Code § 45–1941 (1996).[2] On the other hand, in *Spicer*, where the licensee's conviction was also for a crime embraced by this section, it appeared to this court that the Commission had revoked Spicer's license in the exercise of *discretion* conferred on it by another statutory provision to impose that penalty or a lesser one in the case of a licensee who has "[b]een guilty of any ... conduct ... which constituted fraudulent or dishonest dealing." D.C.Code § 45–1936(b)(11); *see Spicer*, 636 A.2d at 417.[3] Goldsten, we concluded, was entitled to the Commission's considered view as to whether § 45–1941 or § 45–1936(b) defines the limits of the Commission's authority with respect to continued licensure after a licensee's conviction for "dishonest dealing" of the kind encompassed by both statutes. Our remand order stated, accordingly:

> *Spicer* and this case, taken together, raise questions as to the Commission's

1. The Administrative Law Judge in this case described the conspiracy as follows:

   The conspirators, most of whom were regular participants at public real estate auctions, agreed among themselves not to bid against each other in any of the auctions they attended. At each of the rigged bids, the conspirators appointed one person as the designated bidder for the group. By agreeing not to compete against each other, the conspirators often were able to buy the auctioned properties at lower prices than they would have paid had a fully competitive auction taken place.

   After the designated bidder successfully acquired the property at the auction, the group of conspirators determined which conspirator would ultimately acquire the property by holding a second, secret auction among themselves. In some instances the conspirators determined the successful bidder by an agreement reached prior to the public auction. Payoffs were made among the conspirators who attended the auction and who, pursuant to agreement, did not bid. The payoffs were made by the conspirator who acquired the property at the low, noncompetitive price. It appears that all conspirators were equally responsible for the rigging of any one of the auctions in which they participated because if any one of them had refused to participate a competitive auction would have resulted.

   Respondent participated in rigging two types of public auctions—foreclosure auctions and *nisi* proceeding auctions. *Nisi* proceeding auctions are held by the D.C. Superior Court usually when property of an incompetent person, a deceased person, or minor must be sold. In a foreclosure auction the owner of the property is due any proceeds from the auctions above the amount required to pay the existing mortgage(s). Both *nisi* proceeding auctions

   and foreclosure auctions are intended to ensure that the property is sold for fair value.

2. D.C.Code § 45–1941 provides:

   Where during the term of any license issued by the Mayor, the licensee shall be convicted in a court of competent jurisdiction in the District or any state or territory of the United States, or federal court, of forgery, embezzlement, obtaining money under false pretenses, bribery, larceny, extortion, criminal conspiracy to defraud, or similar offense or offenses, or forfeits collateral or pleads guilty or nolo contendere to any offense, and a duly certified or exemplified copy of the record in the proceedings is filed with the Mayor, the Mayor shall suspend forthwith the license issued to the licensee so convicted and convene a revocation hearing within 30 days.

   Goldsten's conviction for conspiracy to commit bid-rigging falls comfortably within the "similar offense" category of this statute, involving as it did a scheme to defraud distressed homeowners and others of equity in their real property and of the legal protections they were entitled to. *See* note 1, *supra*.

3. As relevant here, § 45–1936(b) provides:

   [T]he Mayor shall have the power to suspend, revoke, or refuse to renew, transfer, or restore any license issued under the provisions of this chapter, or, in lieu of or in addition to any suspension or revocation, impose a penalty of not more than $1,000 per violation whenever the licensee has ...

   * * * *

   (11) Been guilty of any ... conduct ... which constituted fraudulent or dishonest dealing....

view of the relationship between § 45–1936(b) and § 45–1941. The Commission's position, as stated in its present brief, that § 45–1936(b) is inapplicable to revocation following a § 45–1941 suspension must be reconciled with its seemingly contrary view in *Spicer*. As the agency charged with administering the statute, the Commission's understanding of its statutory authority in regard to revocation may be entitled to deference by this court, *Timus v. District of Columbia Dep't of Human Rights*, 633 A.2d 751, 759–60 (D.C.1993) (en banc). For this reason, we believe it necessary for the Commission to re-examine its decision in this case in light of the intervening decision in *Spicer*.

Following the remand and reconsideration, the Commission now adheres to its "construction of the District of Columbia Real Estate Licensure Act of 1982 as mandating the revocation of a license when a licensee is convicted of a crime covered by D.C.Code § 45–1941." The Commission explains that, while "unfortunate[ly it] ... did not clearly delineate [its] reasoning" in *Spicer*, its understanding of its authority there—where in fact it revoked Spicer's license—was in keeping with its present understanding. The Commission provides essentially three reasons for its interpretation of the statutory scheme.

First, it explains that while the sanctions available in § 45–1936(b) precede an extensive list of possible misconduct by a licensee, the section contains no reference to conviction for a criminal offense by a court; in the case of a current licensee, only § 45–1941 by its terms embraces such conviction. Section 45–1936, in other words, provides an array of sanctions available for misconduct not resulting in conviction for one of the § 45–1941 offenses. Second, the Commission asserts that mandatory revocation is consistent with the predecessor statute covering similar criminal offenses, D.C.Code § 45–1415 (1961), which provided that upon conviction for one of those offenses, "the Commission *shall revoke* forthwith the license by it theretofore issued to the licensee so convicted"

(emphasis added). *See Whiting v. Real Estate Comm'n*, 198 A.2d 742, 744 (D.C.1964).

Finally, the Commission points out that its interpretation is consistent with the bar to initial licensure of a person who has been convicted of one of the § 45–1941 offenses "within 5 years prior to the person's application for a license." *See* D.C.Code § 45–1942. A licensee convicted of one of those crimes, the Commission states, "should not be treated more favorably than an applicant convicted of an identical offense."

## II.

Section 45–1941, unlike its predecessor (§ 45–1415 (1961)), does not state that the Commission "shall revoke" the license of the convicted person but instead that it "shall suspend forthwith the license ... and convene a revocation hearing." It is thus fair to say that the statute is "ambiguous with respect to the specific issue," *Chevron U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984), of what outcome may follow that hearing—whether, in short, the Commission *must* revoke the license of a person convicted of an enumerated or similar offense under § 45–1941. In such a case, this court defers to a "permissible construction of the statute" by the agency charged with administering it. *Id.; see also Timus, supra*, 633 A.2d at 758–59; *Schlank v. Williams*, 572 A.2d 101, 107 (D.C.1990). We hold that the Commission's construction of the relationship between §§ 45–1936(b), –1941, and –1942, which leaves each section with its proper application, is a permissible interpretation of the statutory scheme.[4] Section 45–1941 speaks of a "revocation hearing," not a hearing to consider possible lesser sanctions such as suspension. Its limitation to those crimes—in general reflecting deception or dishonesty—most directly incompatible with the regulated status of licensed real estate brokers or salespersons, *see* § 45–1921 (purpose of statutory scheme is, *inter alia*, "to protect the public against incompetence, *fraud, and deception* in real estate transactions") (empha-

**4.** This is so whether or not "we might have been persuaded by [an] alternate interpretation had we been construing the statute in the first in-

stance." *Smith v. District of Columbia Dep't of Employment Servs.*, 548 A.2d 95, 97 (D.C.1988).

sis added), reinforces the statutory intent to treat with special severity persons who have been convicted of those offenses. *See also* § 45–1942 (excluding from initial licensure persons similarly convicted).

We therefore uphold the decision of the Commission revoking petitioner's license.[5]

*Affirmed.*

Before FARRELL, RUIZ and REID, Associate Judges.

---

**5.** Petitioner's argument that the 90–day time period for issuing the Commission's decision in 17 DCMR § 2715.1 (1990) is mandatory rather than directory is foreclosed by *Spicer. See* 636 A.2d at 418. Moreover, as indicated *supra*, notes 1 and 2, we are satisfied that his conviction for conspiracy to rig real estate auction bids falls comfortably within the reach of "similar ... offenses" covered by § 45–1941. *Cf. Whiting*, 198 A.2d at 744–45. Finally, since revocation of petitioner's license for the conviction was mandatory, the Commission had no duty—indeed, no authority—to accept a proposed settlement agreement previously entered into between Goldsten and subordinate regulatory officials.