**JBG PROPERTIES, INC., Petitioner,**

v.

**DISTRICT OF COLUMBIA OFFICE OF HUMAN RIGHTS et al., Respondents.**

**No. 10151.**

District of Columbia Court of Appeals.

Argued May 13, 1976.

Decided Oct. 14, 1976.

---

Barry A. Zaslav, Washington, D.C., with whom Edward M. Statland and David W. Buckley, Washington, D.C., were on the brief, for. petitioner.

E. Calvin Golumbic, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, Washington, D.C., at the time the brief was filed, and Richard W. Barton, Asst. Corp. Counsel, Washington, D.C., were on the brief, for respondents.

Before KERN and HARRIS, Associate Judges, and PAIR, Associate Judge, Retired.

KERN, Associate Judge:

Appellant JBG Properties, Inc. [JBG] seeks review of a ruling by the District of Columbia Office of Human Rights [Office] that the Office had jurisdiction to proceed with an investigation of alleged employment discrimination on the part of JBG. A former employee of JBG filed a complaint against JBG with the Office on April 17, 1974, pursuant to the District of Columbia Human Rights Law. 34 DCRR §§ 31.1 to 31.6. The relevant regulation provides in part:

(a) After the filing of any complaint, the Office shall serve, *within 15 days of said filing,* a copy thereof upon the re-

spondent, . . . and shall make prompt investigation in connection therewith.

(b) *Within 120 days, after service* of the complaint upon all parties thereto, the Office shall determine whether, in accord with its own rules, it has jurisdiction; and if so, whether there is probable cause to believe that the respondent has engaged or is engaging in an unlawful discriminatory practice. [34 DCRR § 31.2(a), (b); emphasis added.]

The Office did not serve the complaint on JBG until May 14, 1974, nor did it commence an investigation prior to October 16, 1974. On December 20, 1974, JBG made a motion to the Office asking that the complaint be dismissed for lack of jurisdiction due to the Office's failure to serve the complaint on time or to make prompt investigation. When the Office ruled that it intended to exercise jurisdiction, JBG sought judicial review.[1]

■ JBG's argument that the Office has no jurisdiction to investigate this complaint because of its failure to meet the regulation's time requirements depends on a determination that those requirements are mandatory rather than directory. The word "shall" in a statute, of course, generally creates a mandatory duty. *See Anderson v. Yungkau*, 329 U.S. 482, 485, 67 S.Ct. 428, 91 L.Ed. 436 (1947). But in many instances, "the rule with respect to statutory directions to individuals is the opposite of that which obtains with respect to public officers." 2A Sutherland, Statutory Construction § 57.19 at 445 (Rev. 3d ed. 1973). Further,

for obvious reasons founded in fairness and justice, time provisions are often found to be directory merely, where a

mandatory construction might do great injury to persons not at fault, as in a case where slight delay on the part of a public officer might prejudice private rights or the public interest. . . .

For the reason that individuals or the public should not be made to suffer for the dereliction of public officers, provisions regulating the duties of public officers and specifying the time for their performance are in that regard generally directory. A statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is directory unless the nature of the act to be performed, or the phraseology of the statute, is such that the designation of time must be considered a limitation of the power of the officer. [Id. § 57.19 at 443–44; footnotes omitted.]

■ The Human Rights Law in the District of Columbia was enacted to aid not only an individual complainant, but also the public at large, in securing an end to discrimination in employment. *See* 34 DCRR § 1.1. If we were to dismiss this action because of the Office's 12-day delay in serving notice of the complaint on JBG, we would risk allowing a "slight delay on the part of a public officer" to prejudice private rights and public interest. The same is true for the Officer's apparent tardiness in investigating the charges and determining whether or not probable cause exists, particularly in light of the Office's claim that much of the delay resulted from its efforts to conciliate the matter. *See* 34 DCRR § 31.3. In the absence of any specific limitation in the regulations curtailing the power of the Office for failure to act within a certain time period, we are inclined to the view that the provisions in 34

---

1. The Human Rights Law allows persons aggrieved by an order of the Commission on Human Rights to seek judicial review pursuant to D.C.Code 1973, § 1–1510. See 34 DCRR § 33.5. Section 1510 provides in part: If the jurisdiction of the [Mayor] or Council or an agency is challenged at any time in any proceeding and the [Mayor] or Council or the agency, as the case may be, takes jurisdiction, the person challenging jurisdiction shall be entitled to an immediate judicial review of that action, unless the [District of Columbia Court of Appeals] shall otherwise hold. . . .

DCRR § 31.2(a) and (b) are directory rather than mandatory.[2] Since the provisions are directory, the Office's failure to adhere strictly to the time provisions does not deprive it of jurisdiction to continue its investigation.

Such a conclusion unfortunately raises the possibility of lengthy delays on the part of the Office which could unfairly prejudice employers accused of discrimination. A district court facing the identical situation under the federal Equal Employment Opportunity Act, 42 U.S.C. § 2000e–5 (1970),[3] stated that "[t]he natural effect of a failure to receive notice is plainly prejudicial to the respondent. Where an employer does not receive notification that he has been charged with discrimination in hiring until well after the event in question, relevant forms will in all likelihood have been destroyed. . . . [And] the Defendant has no means to reconstruct or dispute the circumstances underlying the charge . . . ." *EEOC v. Air Guide Corp.*, 395 F.Supp. 600, 604 (S.D.Fla.1975). That court went on to indicate, however, that "[w]here an agency violates procedural regulations and the error has the natural effect of prejudicing substantial rights, 'the burden of showing the outcome was unaffected rests upon the party seeking to sustain' it against the error." *Id.*, quoting Note, *Violations by Agencies of Their Own Regulations*, 87 Harv.L.Rev. 629, 634–35 n.25 (1974).

■ We believe that the final resolution of a situation such as this must balance the interests of the public and an individual complainant in allowing the Office to proceed to investigate alleged employment discrimination, and the prejudice an employer suffers by being forced to respond to a complaint filed with it after the time for such filing has elapsed. The same approach should be used to determine whether the Office's actions in investigating the alleged discrimination must be terminated, under traditional equitable principles, for failure to act promptly or to make a finding of probable cause within 120 days. *Cf. Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1125 (5th Cir. 1969); *EEOC v. Air Guide Corp., supra* at 605.

■ Turning to the facts of this case, we note that the filing of the charges on appellant was only 12 days late, and that the Office has alleged that the delay in investigating the complaint was due in large part to the Office's efforts to conciliate the matter without taking official action. Moreover, in cases of this nature there is a clear public interest in eliminating any employment discrimination and vindicating private rights. Under these circumstances, we doubt that appellant suffered undue prejudice or that the delay was so unreasonable as to require that the Office's investigation be terminated.

However, at this stage of the proceedings and in light of our promulgation of a new balancing test, we believe there is insufficient evidence in the record from which we could make an informed evaluation under this equitable standard. Ac-

2. We reject the Office's reliance on cases such as *Russell v. American Tobacco Co.*, 374 F. Supp. 286 (M.D.N.C.1973), since we believe the situation in the instant case is distinguishable. In *Russell*, the trial court refused to dismiss a civil action brought by an individual complainant even though the EEOC allegedly failed to serve a copy of the charge on the respondents. The court wrote that "[p]enalizing the plaintiff because of a failure by the EEOC to exercise its statutory duty is legally unacceptable." *Id.* at 291. We are of opinion that the dismissal of a subsequent action by an independent party for acts not attributable to that party is legally and conceptually distinguishable from the dismissal of an agency's proceeding because of its own misconduct. Although we conclude that the time provisions of the Human Rights Law are not jurisdictional, we believe that a proceeding of the latter sort nevertheless may be dismissed for failure to comply with the time provisions.

3. That Act requires that the Equal Employment Opportunity Commission [EEOC] serve notice of any charges filed against an employer on that employer within ten days. In addition, a finding of probable cause to support the charge must be made, so far as practicable, within 120 days of the filing of the charge. 42 U.S.C. § 2000e–5(b) (1970).

cordingly, the case is remanded for further proceedings during which the parties may offer additional evidence (1) of the potential for and actual existence of prejudice to appellant JBG, and (2) of the public and private interests in allowing the Office to pursue the investigation. If the case is ultimately decided adversely to JBG and the issue is raised again on appeal, the Office has the burden of showing that its delay did not substantially prejudice JBG in defending against the charges.

*So ordered.*