Olurotimi ANJUWAN, Appellant,

v.

DISTRICT OF COLUMBIA DE-
PARTMENT OF PUBLIC
WORKS, Appellee.

No. 97–CV–608.

District of Columbia Court of Appeals.

Argued Nov. 24, 1998.
Decided Dec. 11, 1998 *.

* The disposition in this case was originally issued as a Memorandum Opinion and Judgment on December 11, 1998, and is being published *sua sponte* upon the order of the court.

Christopher A. Teras, Washington, DC, for appellant.

Sheila Kaplan, Assistant Corporation Counsel, with whom Jo Anne Robinson, Principal Deputy Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, Lutz Alexander Prager, Assistant Deputy Corporation Counsel, and Martin B. White, Assistant Corporation Counsel, were on the brief, for appellee.

Before FARRELL and RUIZ, Associate Judges, and RETCHIN, Associate Judge of the Superior Court of the District of Columbia.**

RETCHIN, Associate Judge of the Superior Court of the District of Columbia:

Appellant, an employee at the District of Columbia's Department of Public Works (DPW), was terminated from his employment with the Water and Sewer Utility Administration (WASUA) in an agency-wide reduction of force (RIF) in which 125 positions were abolished due to a shortage of funds at the agency. Petitioner challenged the RIF before the Office of Employee Appeals (OEA) contending that there was not a *bona fide* shortage of funds to justify the RIF; any shortage of funds was due to improper diversions; and the RIF violated a consent decree between the District of Columbia and the Environmental Protection Agency (EPA) to assure adequate staffing at a water treatment facility. Additionally, petitioner alleged that his termination through the RIF was merely a pretext to retaliate against him for his whistleblowing activities within the agency.

The OEA found the RIF to be lawful and petitioner's retaliation claim to be unsupported. The OEA rendered its decision approximately 2 and ½ years after petitioner's complaint was filed notwithstanding the D.C.Code and OEA rules which require a decision within 120 days.[1] Petitioner appealed to the Superior Court which affirmed the OEA.[2] On appeal to the Court, petitioner renews his arguments. Additionally, petitioner contends that the OEA erred in denying him an evidentiary hearing and unreasonably delaying its decision without examining the prejudice caused by its delay. Petitioner asks to be reinstated at DPW as a sanction for the OEA's delay; at a minimum he asks for a remand to the OEA or DPW for consideration of the issue of prejudice. We reject petitioner's claims.

---

** Sitting by designation pursuant to D.C.Code § 11–707(a) (1995).

1. D.C.Code § 1–606.3 and OEA Rule 635.1 mandate that the OEA reach an initial decision within 120 business days after an appeal is filed. Additionally, the statute and OEA regulations require the OEA to determine within 45 days after an appeal is filed if the OEA has jurisdiction. The OEA violated both deadlines.

2. The OEA's action was affirmed by the Honorable Lee Satterfield.

■ On appeal from the Superior Court's disposition of a petition from an agency finding, our review is the same as it would be if we were reviewing the agency decision directly. Accordingly, we must determine whether the OEA's decision was supported by substantial evidence. *Cocome v. Lottery & Charitable Games Control Bd.*, 560 A.2d 547, 549–50 (D.C.1989). For the reasons stated below, we conclude that the OEA's decision was supported by substantial evidence.

■ Petitioner contends that DPW did not establish that there was a *bona fide* RIF because any shortage of funds did not affect the WASUA, which was funded through a separate enterprise fund, and because, if there was any shortage, it was due to improper diversions. Additionally, petitioner argues that the RIF violated a consent decree entered into between the EPA and the District of Columbia. The OEA correctly concluded that so long as the RIF is justified by a shortage of funds at the agency level, the agency has discretion to implement the RIF and may release employees whose positions are adequately funded. *See Waksman v. Department of Commerce*, 37 M.S.P.R. 640 (1988), *aff'd sub nom. Harris v. Dept. of Commerce*, 878 F.2d 1447 (Fed.Cir.1989). Moreover, we reject petitioner's argument that the OEA has authority to second-guess the mayor's decision about the shortage of funds or DPW's management decisions about which positions should be abolished in implementing the RIF.

■ Contrary to petitioner's contention, the OEA does not have the authority to determine broadly whether the RIF violates any law. The OEA's authority is narrowly prescribed. An employee subject to a RIF may file an appeal with the OEA if the "agency has incorrectly applied the provisions of *this subchapter* or the rules and regulations issued pursuant thereto." D.C.Code § 1–625.4. (emphasis added). "This subchapter" refers to Subchapter XXV, Reductions in Force, §§ 1–625.1 through 1–625.4. It does not confer authority on the OEA to enforce all laws and regulations including the consent decree cited by petitioner. Nor can the OEA regulations exceed its statutory authority. In short, the OEA's authority is to determine whether the RIF complied with applicable District personnel statutes and regulations dealing with RIFs. *See Gilmore v. Board of Trustees of the Univ. of the District of Columbia*, 695 A.2d 1164, 1167 (D.C.1997) (noting "the limited scope of review of RIF determinations"). Petitioner's legal arguments, therefore, properly were rejected without an evidentiary hearing.

■ Also without an evidentiary hearing, the OEA concluded that petitioner failed to carry his burden of demonstrating that the RIF was a pretext. Petitioner takes exception to this ruling contending that he was entitled to a hearing to establish his proof on this factual issue. We find that the OEA correctly concluded that petitioner failed to carry his burden of proof and that petitioner was not entitled to an evidentiary hearing. In response to the OEA Administrative Law Judge's (ALJ's) order directing the parties to identify the issues to be resolved in this case, petitioner made no mention of his claim of retaliation. The record indicates that the first time petitioner made this claim was in his brief filed with the ALJ almost 2 years after his petition for appeal had been filed.[3] Although petitioner had the right to obtain discovery and to submit affidavits, petitioner offered nothing to support his suspicion that the agency-wide RIF was a sham to retaliate against him for his

---

3. At oral argument petitioner contended that he had raised this claim at the prehearing conference, but the prehearing conference was not transcribed. Consequently, the Court will not consider this allegation but notes in any event that per OEA Rule 603.1(i), a new claim or defense must be filed no later than five days before the prehearing date or it is deemed waived. *Cocome v. District of Columbia Lottery & Charitable Games Control Bd.*, 560 A.2d at 550.

whistleblowing activities. Mere allegations without more do not entitle a party to a hearing.

■ Finally, petitioner contends that he should be reinstated because the OEA's unexplained delay in acting violated the statute and OEA regulations. Alternatively, petitioner maintains that his case should be remanded to the OEA for the agency to conduct a prejudice analysis. *See JBG Properties v. District of Columbia Office of Human Rights*, 364 A.2d 1183 (D.C.1976). We reject petitioner's claim. As a preliminary matter, we conclude that the statutory time frame is directory rather than mandatory. *See id.* Second, unlike the situation in *JBG Properties,* the agency causing the delay is not the agency whose action is being challenged. Although the OEA's two and one-half year delay was unfortunate, DPW should not be penalized for the OEA's delay absent some concrete showing of prejudice to petitioner's ability to contest the RIF, which petitioner has not made. The fact that petitioner lost his job does not demonstrate the requisite prejudice. Finally, petitioner's substantive rights have not been affected, as we agree with the trial court that the OEA action affirming DPW's RIF should be upheld. Petitioner's meritless claims cannot be deemed successful merely due to agency delay. The OEA's delay "did not impair the fairness of the proceedings or the correctness of the action taken." *Vann v. District of Columbia Bd. of Funeral Directors & Embalmers,* 441 A.2d 246, 248 (D.C.1982). Therefore, we hold that the OEA's failure to act within 120 days does not render DPW's personnel action invalid.

Accordingly, the judgment on appeal is *Affirmed.*