**Samuel S. EL–AMIN, Appellant,**

v.

**DISTRICT OF COLUMBIA DE-PARTMENT OF PUBLIC WORKS, Appellee.**

**No. 97–CV–1320.**

District of Columbia Court of Appeals.

Argued April 29, 1999.

Decided May 27, 1999.

Christopher A. Teras, Washington, DC, for appellant.

Sharlene E. Williams, Assistant Corporation Counsel, with whom John M. Ferren, Corporation Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief for appellee.

Before SCHWELB and FARRELL, Associate Judges, and WASHINGTON, Associate Judge of the Superior Court of the District of Columbia.*

SCHWELB, Associate Judge:

Samuel S. El-Amin, an employee of the Water and Sewer Utility Administration (WASUA) of the District of Columbia's Department of Public Works (DPW), was adversely affected by a 1993 reduction in force (RIF) which abolished 125 positions at WASUA, including the one occupied by Mr. El-Amin. El-Amin was reassigned to a position at a lower grade.

* Sitting by designation pursuant to D.C.Code § 11–707(a) (1995).

Shortly after receiving notice of the RIF, El–Amin filed an appeal with the Office of Employee Appeals (OEA). He claimed that the entire RIF was unlawful because there was no *bona fide* shortage of funds to justify it; because, if there was any such shortage, it was due to improper diversion of funds; and because, according to El–Amin, the RIF was issued in violation of a 1985 consent decree entered by the United States District Court for the District of Columbia in litigation between the United States and the District. El–Amin also asserted that even if the RIF as a whole was not unlawful, he was targeted for demotion as a part of the RIF in retaliation for having engaged in certain allegedly protected activities.

On March 27, 1996, almost two and one half years after the RIF, an OEA Administrative Law Judge (ALJ) rejected Mr. El–Amin's contention and upheld the RIF. El–Amin sought review in the Superior Court, and on July 29, 1997, the trial court affirmed the decision of the OEA. This appeal followed.

Mr. El–Amin's contentions with respect to the alleged illegality of the RIF are identical to claims which were considered and rejected by this court in *Anjuwan v. District of Columbia Dep't of Public Works,* 729 A.2d 883 (D.C.1998). On the authority *Anjuwan,* we reject these contentions and do not address them further in this opinion.[1]

We turn to El–Amin's claim of retaliation. As stated in his brief in this court,

appellant contended [before OEA] that the RIF was a sham … because it was truly a personal retaliation against him for his activity before the Equal Employment Opportunity Commission (EEOC) on behalf of himself, and as a witness on behalf of co-worker Johnnie Martin.

The ALJ held that El–Amin had proffered insufficient evidence in support of this claim and that no evidentiary hearing was required. The trial court affirmed the ALJ's determination.

We do not decide the question whether El–Amin's pleading before the OEA was sufficient to warrant a hearing, for the appeal must be dismissed on jurisdictional grounds. Section 604.2(e) of OEA's regulations provides that the Office shall not take jurisdiction "[o]ver complaints of unlawful discrimination as described in [the District of Columbia Human Rights Act,] D.C.Code §§ 1–2501 *et seq.*"[2] That Act provides, *inter alia,* that "[i]t shall be an unlawful discriminatory practice to … retaliate against … any person … on account of [his or her] having exercised or enjoyed, or on account of [his or her] having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected by this subchapter." D.C.Code § 1–2525(a) (1992). It therefore appears that El–Amin's alleged activities, as described in his own brief, take the case out of OEA's jurisdiction as set forth in the agency's regulations, to which we are required to defer. *See, e.g., Office of the District of Columbia Controller v. Frost,* 638 A.2d 657, 666 (D.C. 1994). To the extent that El–Amin may be contending that he was targeted for whistleblowing activities outside the scope of the equal opportunity laws, or that his complaint of a retaliatory RIF is different for jurisdictional purposes from an independent complaint of unlawful discrimination or retaliation, we conclude that his claim is barred by our decision in *Frost. See id.* at 665–66.

*Affirmed.*

---

1. El–Amin also claims that the RIF should be set aside on account of OEA's delay in deciding his case. That delay was, indeed, unfortunate, but a substantially identical claim was rejected in *Anjuwan, supra,* 729 A.2d at 885–86.

2. OEA's regulations apparently have not yet been published in the District of Columbia Municipal Regulations, but may be found at 39 D.C.Reg. 7404 (1992).