*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 17-CV-872

YORDANOS SIUM, APPELLANT,

v.

OFFICE OF THE STATE SUPERINTENDENT OF EDUCATION, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CAP-4119-16)

(Hon. Jeanette J. Clark, Associate Judge)
(Hon. Robert R. Rigsby, Associate Judge)[1]

(Argued November 16, 2018     Decided October 10, 2019)

*David A. Branch* for appellant.

*Lucy E. Pittman*, Assistant Attorney General, with whom *Karl A. Racine*, Attorney General for the District of Columbia, *Loren L. Alikhan*, Solicitor General,

---

[1] This court has jurisdiction to review agency orders and decisions that are final. *District of Columbia Dep't of Emp't Servs. v. Vilche*, 934 A.2d 356, 358–59 (D.C. 2007). Although pursuant to D.C. Code § 1-606.03(d) (2016 Repl.) orders and decisions from the Office of Employee Appeals ("OEA") are first reviewable by the Superior Court before they are reviewed by this court, the exclusive focus of our analysis in this opinion is the OEA Board's order denying Ms. Sium's petition for review.

and *Stacy L. Anderson*, Acting Deputy Solicitor General, were on the brief, for appellee.

Before GLICKMAN and EASTERLY, *Associate Judges*, and STEADMAN, *Senior Judge*.

EASTERLY, *Associate Judge*:   Appellant Yordanos Sium challenges her termination for cause by the Office of the State Superintendent of Education ("OSSE").  We first conclude that Ms. Sium's failure to file an appeal to the Office of Employee Appeals ("OEA") within thirty days, as specified in D.C. Code § 1-606.03(a) (2016 Repl.), did not deprive OEA of jurisdiction to hear her case.  We further conclude that, because the OEA Administrative Law Judge ("ALJ") decided not to conduct an evidentiary hearing even though the parties' briefing disputed material facts, the OEA Board abused its discretion in denying Ms. Sium's petition for review.  We therefore vacate and remand.

## I.

Ms. Sium worked as a school bus driver for OSSE.  In January 2011, her bus made contact with an illegally parked vehicle.  She did not exit her bus and instead left the scene.  The incident, which was recorded on videotape, was reported to OSSE, and an investigator interviewed Ms. Sium the following day.  According to the investigator's report, Ms. Sium initially told the investigator that she had not made contact with the illegally parked vehicle, but after the investigator informed

her that she had been seen making contact, she "changed her story" and apologized. OSSE cleared Ms. Sium to return to work about a week after the collision. Almost three months after the incident, OSSE sent Ms. Sium a notice of proposed termination.[2] It then informed Ms. Sium that she was terminated for cause in mid-April 2011.[3] By statute, Ms. Sium had thirty days to appeal her termination to OEA, *see* D.C. Code § 1-606.03(a), although OSSE did not specify this in its termination letter. Ms. Sium filed her pro se appeal in August 2013, using what appears to be an OEA form. No question on the form asked if Ms. Sium wanted an evidentiary hearing.

OSSE moved to dismiss Ms. Sium's OEA appeal, asserting her failure to file within the requisite thirty-day timeframe deprived OEA of jurisdiction. The OEA ALJ did not explicitly rule on this motion and instead ordered briefing on the merits. In its brief, OSSE explained that the Division of Transportation had justifiably terminated Ms. Sium after "conclud[ing] that Ms. Sium's behavior, including hitting a parked car, fleeing the scene, and lying to the investigator,

---

[2] The notice stated that the proposed termination was for "Neglect of Duty—failure to follow instructions or observe precautions regarding safety; failure to carry out assigned tasks; careless or negligent work habits." It provided no additional detail.

[3] The April notice repeated the language in the March notice regarding the reason for Ms. Sium's termination.

presented a threat to the efficiency and discipline of the school system." The agency also asserted that this was Ms. Sium's second "preventable" collision within twelve months, although it provided no detail about the earlier incident and engaged in no analysis of why either collision was, in its view, "preventable." In her pro se brief in response, Ms. Sium argued *inter alia* that OSSE had "cleared" her after the January 2011 collision and permitted her to return to work. She further asserted that "[c]ritical facts" alleged by OSSE had not been "determined conclusively" in its investigation; in particular, she challenged the assertions that she had been aware of the collision at the time, that she had fled the scene, and that she had lied to the investigator. Instead, she asserted that she had accepted responsibility only after she was informed by the investigator that she had made contact with the other vehicle.

The OEA ALJ issued a written decision in October 2014 upholding Ms. Sium's termination. In one sentence of her decision, the OEA ALJ acknowledged her ability to hold an evidentiary hearing, but stated that, "[a]fter considering the parties' arguments," she had determined that an evidentiary hearing was unnecessary.

Ms. Sium then filed pro se a petition for review with the OEA Board. Among other arguments, Ms. Sium asserted that there were disputed issues of fact and argued that the OEA ALJ had thus erred in her decision "not to conduct an [e]videntiary [h]earing."[4]  In its May 2016 order denying her petition for review, the OEA Board rejected this argument.  The OEA Board "relie[d] on OEA Rule 624.2 which provides that 'if the Administrative Judge grants a request for an evidentiary hearing, or makes his or her own determination that one is necessary, the Administrative Judge will so advise the parties . . . ,'" and concluded that "[t]hus, it is the Administrative Judge's prerogative to hold an evidentiary hearing when it is deemed necessary."  Ms. Sium unsuccessfully sought review of the OEA Board's decision in Superior Court.  This appeal followed.

## II.

"This court reviews agency decisions on appeal from the Superior Court the same way we review administrative appeals that come to us directly.  Thus, in the final analysis, confining ourselves strictly to the administrative record, we review the OEA [Board]'s decision, not the decision of the Superior Court . . . ."  *Stevens*

---

[4]  Nothing in the record indicates that OSSE filed an opposition to Ms. Sium's petition for review by the OEA.

*v. District of Columbia Dep't of Health*, 150 A.3d 307, 311–12 (D.C. 2016) (citation and internal quotation marks omitted). Before we may consider the OEA Board's decision in this case, however, we must address OSSE's challenge to OEA's jurisdiction.

OSSE asks us to conclude that the thirty-day deadline to file an appeal with the OEA, contained in D.C. Code § 1-606.03(a), is jurisdictional. If OSSE is correct, OEA never should have heard this case, and we should remand to OEA to dismiss this appeal. *See Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 17 (2017) ("[A party's f]ailure to comply with a jurisdictional time prescription . . . deprives a court of [its power to hear a] case, necessitating dismissal—a drastic result" (internal quotation marks omitted)). But as we explained in *Mathis v. District of Columbia Hous. Auth.*, 124 A.3d 1089, 1102 (D.C. 2015), not all filing deadlines are jurisdictional. Indeed, following Supreme Court precedent, we presume they are not and treat these deadlines as waivable claim-processing rules. *Id.* at 1101, 1102 (explaining our "bright line default is that procedural rules, even those codified in statutes, are nonjurisdictional in character" (internal quotation marks and citation omitted)).

The presumption that a filing deadline is a claim-processing rule may be rebutted if certain criteria are fulfilled. *See Mathis*, 124 A.3d at 1102. If a deadline is contained in a statute—not a court rule or a regulation—and its language is mandatory, it may be jurisdictional. *Id.* at 1101–02. Section 1-606.03(a), stating that "[a]ny appeal *shall* be filed within 30 days of the effective date of the appealed agency action," meets both these requirements. D.C. Code § 1-606.03(a) (emphasis added). As our cases and Supreme Court precedent make clear, however, more is required.[5] For a filing deadline to be deemed a jurisdictional bar, the "traditional tools of statutory construction" must also make clear that the legislature intended it to serve this purpose. *Mathis*, 124 A.3d at 1102 (internal quotation marks omitted); *see, e.g.*, *Hamer*, 138 S. Ct. at 20 n.9; *Kwai Fun Wong*, 135 S. Ct. at 1632–33. Here, we see no indication[6] that the D.C.

---

[5] The Supreme Court has considered comparable statutory language and repeatedly concluded that it announces a claim-processing rule. *See, e.g.*, *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1630–33 (2015) (holding that the filing deadlines in 28 U.S.C. § 2401(b), which provides that "a tort claim against the United States shall be forever barred unless it is presented to the agency [within the specified time period]," *id.* at 1632, are not jurisdictional); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 438–41 (2011) (holding that the filing deadline in 38 U.S.C. § 7266(a), which states "a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days," *id.* at 438, is not jurisdictional).

[6] OSSE agrees that a legislature "must do something special" to render a deadline a jurisdictional bar, *Mathis*, 124 A.3d at 1102 (quoting *Kwai Fun Wong*, 135 S. Ct. at 1632), and argues that the D.C. Council's decision to locate the thirty-

(continued…)

Council affirmatively sought to curtail OEA's jurisdiction through D.C. Code § 1-606.03(a). Thus, we conclude that § 1-606.03(a)'s thirty-day deadline is not jurisdictional.

Although our holding means that OEA was not required to dismiss Ms. Sium's late-filed appeal outright, OEA was authorized to do so if OSSE "seasonably" objected to the untimeliness of Ms. Sium's filing as a defense. *Brewer v. District of Columbia Office of Emp. Appeals*, 163 A.3d 799, 802 & n.5 (D.C. 2017) (internal quotation marks omitted). OSSE did this. But it subsequently abandoned its objection;[7] and, having done so, it may not resurrect

---

(…continued)

day deadline in § 1-606.03, a provision which OSSE claims contains other jurisdictional limitations, provides that indication. We are hesitant to adopt this characterization of these other provisions in § 1-606.03, which discuss the types of adverse actions that an employee can appeal, and we note that a separate subchapter, § 1-606.02, sets out the "authority" of the OEA. *See* D.C. Code § 1-606.02 (2016 Repl.) (providing that the OEA has the "authority" to adjudicate appeals, issue subpoenas, rules, and regulations, and require compliance with its orders, among others). In any event, we are unpersuaded by this proximity argument. "In characterizing certain requirements as nonjurisdictional, [the Supreme Court] ha[s] on occasion observed their separation from jurisdictional provisions. The converse, however, is not necessarily true: Mere proximity will not turn a rule that speaks in nonjurisdictional terms into a jurisdictional hurdle." *Gonzalez v. Thaler*, 565 U.S. 134, 146–47 (2012) (citations and internal quotation marks omitted).

[7] This conclusion can be reached by one of two routes. If, as OSSE seems to suggest, the OEA ALJ never ruled on OSSE's motion to dismiss, then OSSE's

(continued…)

this defense in this court. *See, e.g.*, *George Wash. Univ. v. Violand*, 940 A.2d 965, 977–78 (D.C. 2008). Thus, we need not decide if Ms. Sium's appeal could or should have been dismissed on OSSE's motion or whether the filing deadline should have been equitably tolled. Instead, we turn to the merits of Ms. Sium's appeal.

**III.**

Ms. Sium argues that the OEA Board's decision was not supported by substantial evidence. Within this argument she makes a more fundamental claim: that the OEA ALJ was unable to base her factual findings on substantial evidence because she did not hold an evidentiary hearing to resolve disputed questions of material fact.

---

(…continued)
"neglect [in] seek[ing] a ruling on [its] motion" resulted in its "fail[ure] to preserve the issue for appeal." *Carter v. District of Columbia*, 980 A.2d 1217, 1226 (D.C. 2009) (internal quotation marks omitted). As we explained in *Carter*, this court "will excuse such a failure only in exceptional situations and when necessary to prevent a clear miscarriage of justice apparent from the record." *Id*. (internal quotation marks omitted). As in *Carter*, "[t]hose requirements are not met in this case." *Id*. Alternatively, if the OEA ALJ denied OSSE's motion when she acknowledged it in her order, nonetheless determined she had jurisdiction, and then ruled on the merits, OSSE abandoned this claim by failing to raise the issue—or even file a brief, *see supra* note 3—before the OEA Board.

We review an OEA decision to ensure it is not arbitrary, capricious, or an abuse of discretion. *District of Columbia Dep't of Pub. Works v. Colbert*, 874 A.2d 353, 358 (D.C. 2005). For an OEA decision to pass muster, the agency "must state findings of fact on each material contested factual issue; those findings must be supported by substantial evidence in the agency record; and [its] conclusions of law must follow rationally from its findings." *Rodriguez v. District of Columbia Office of Emp. Appeals*, 145 A.3d 1005, 1009 (D.C. 2016) (quotation marks omitted). "While it is the OEA [Board's] final decision and not that of the [OEA] ALJ that may be reviewed by this court," the OEA Board, and this court in turn, must accept the OEA ALJ's findings of fact "unless they are not supported by substantial evidence." *Colbert*, 874 A.2d at 358.

Ms. Sium, proceeding pro se, sought review from the OEA ALJ using a form that nowhere prompted her to indicate if she requested a hearing. Nevertheless, in her pro se filing, she disputed OSSE's account of the school bus collision and of her response to questioning by the OSSE investigator. Among other things, Ms. Sium challenged OSSE's assertion that security camera footage established that she was aware that her bus had hit the parked car and, by extension, knowingly left the scene, chose not to report the collision, and lied to the OSSE investigator. Moreover, after receiving the OEA ALJ's decision, Ms.

Sium explicitly argued in her pro se petition to the OEA Board that the OEA ALJ should have held an evidentiary hearing because her disputes of fact were material to her appeal.[8]

The OEA Board rejected this argument on the ground that "it is the Administrative Judge's prerogative to hold an evidentiary hearing when it is deemed necessary," citing OEA Rule 624.2, 6-B DCMR § 624.2 (2012) ("If the Administrative Judge grants a request for an evidentiary hearing, or makes his or her own determination that one is necessary, the Administrative Judge will so advise the parties . . . .").[9] To the extent the OEA Board determined that the OEA ALJ has unfettered discretion to deny a petitioner a hearing, we cannot agree. To make findings regarding disputed facts in the absence of a hearing is the essence of arbitrary and capricious decision-making. *Compare Dupree v. District of*

---

[8] Although Ms. Sium was less explicit in raising this issue in her pro se petition for review filed in Superior Court, asserting only that the OEA's decision was not supported by substantial evidence, the OEA in its brief to this court has not argued that she abandoned this claim. It asserts instead that her argument that she was entitled to an evidentiary hearing before the OEA ALJ relates only to collateral matters, *see infra*.

[9] The OEA Board also cited to two prior decisions, but neither clearly support this broad proposition, and one of those decisions actually undermines the proposition by acknowledging that an ALJ should hold a hearing when material facts are in dispute. *See DuBuclet v. District of Columbia Pub. Sch.*, OEA Matter No. 2401-0245-10, at 6 (Dec. 17, 2013) (citing *Dupree v. District of Columbia Office of Emp. Appeals,* 36 A.3d 826 (D.C. 2011)).

*Columbia Office of Emp. Appeals,* 36 A.3d 826 (D.C. 2011) (remanding for an evidentiary hearing where OEA ALJ should have been aware there were material issues of disputed facts that needed to be resolved), *with Anjuwan v. District of Columbia Dep't of Pub. Works*, 729 A.2d 883, 885–86 (D.C. 1998) (affirming OEA ALJ's denial of an evidentiary hearing where, even after the ALJ ordered the parties to identify the issues, appellant made no mention of the issue he wished to be resolved at a hearing). Alternatively, to the extent the OEA Board implicitly determined that there were no material issues of disputed facts necessitating a hearing, the record does not support that determination.

OSSE now seeks to minimize as "collateral" the OEA ALJ's findings that Ms. Sium had both knowingly fled the scene of the collision and lied to an investigator. But these were the grounds for termination OSSE itself set forth in its brief to the OEA. And these were the grounds the OEA ALJ relied upon to support its determination that Ms. Sium had "neglected her duties" and could be terminated by OSSE. *See Jones v. District of Columbia Dep't of Emp't Servs.*, 519 A.2d 704, 709 (D.C. 1987) (observing that we limit our review of an agency's decision to the grounds the agency relied on at the time it made its decision). By contrast, the OEA ALJ made little mention of the ground that OSSE now asserts supported its termination decision—the fact that Ms. Sium had had two "preventable accidents."

The OEA ALJ noted Ms. Sium's prior alleged collision only to explain that Ms. Sium, having previously been "in another accident," could be deemed to have been aware of the "Accident Policy as listed in the [Division of Transportation] policy and procedure manual" that required her to report the incident. The OEA ALJ did not independently analyze whether this incident or the earlier one was "preventable."[10]

For these reasons, we conclude the OEA Board abused its discretion in denying Ms. Sium's petition for review where the OEA ALJ decided this case without an evidentiary hearing.[11] We therefore vacate the OEA Board's decision

---

[10] Whether an accident is "preventable" is determined by a special entity, the Accident Review Board. OSSE Div. of Transp. Policy & Proc. Manual § 207.1(E) (2010). The record before us does not include information about the Accident Review Board's assessment, if any, of either of Ms. Sium's two collisions.

[11] Ms. Sium's argument that she was denied due process when OSSE did not affirmatively arrange for a pre-termination hearing is without merit. The notice of proposed termination letter advised Ms. Sium that she had a right to request a pre-termination hearing, and Ms. Sium does not contend that she ever tried to avail herself of this process. *See Chase v. Pub. Def. Serv.*, 956 A.2d 67, 75 (D.C. 2008) ("Because [appellant] declined to take advantage of [an] opportunity [to appeal his termination to the Board of Trustees], he cannot demonstrate that he was deprived of due process.").

and remand this matter to the OEA for further proceedings consistent with this opinion.[12]

*So ordered.*

---

[12]  Because we conclude that vacatur and remand is in order we do not address Ms. Sium's claim that the OEA failed to consider lesser penalties.